## LACEY v. STEINHARDT.

(Supreme Court, Appellate Term, First Department.　December 28, 1915.)

RELEASE ☞58—FRAUD—QUESTION FOR JURY.

In an action for money loaned, on plaintiff's evidence that he loaned the defendant money, a part of which had been paid, and on a later conference a further amount was paid, and plaintiff signed without reading, but on representation of defendant's attorney that it was a receipt for the amount paid, what was, in fact, a release of the whole debt, and that defendant then agreed to pay the remainder in a few days, he was entitled to go to the jury on the issues so raised, and direction of verdict for defendant was error.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 109–114; Dec. Dig. ☞58.]

Appeal from City Court of New York, Trial Term.

Action by George C. Lacey against Charles Steinhardt. From a judgment on directed verdict for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

George C. Basch, of New York City (Arthur G. Basch and Saul Gordon, both of New York City, on the brief), for appellant.

Loeb, Bernstein & Ash, of New York City (Mortimer B. Bernstein, of New York City, of counsel), for respondent.

FINCH, J.　This action was brought to recover moneys loaned by the plaintiff to the defendant. The answer set up a defense of payment and a general release.

Plaintiff testified that he made various small loans to defendant during a period of about a year and a half, and such loans aggregated at least $1,579. Thereafter the plaintiff, the defendant, and the latter's attorney had a conference, in which it was agreed that the plaintiff had advanced that amount, and that the defendant had already paid $540 on account. If these figures were correct, there remained due $1,039. The defendant at that conference paid $750 more, and received from the plaintiff a general release under seal. Plaintiff testified that the release was prepared by defendant's attorney, who said it was a "receipt"; that he (the plaintiff) did not read it, but believed it to be merely a receipt for the $750, though a copy of it was given to him at the time. He further testified that the defendant promised to pay the balance in a few days. If this testimony is true, plaintiff's claim was not without evidence to support it.

The judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.